The clerk, call the next case please. 3-14-0309 Roebuck, Inc. Appellee by Joshua Burns v. Rich Vanderpool, Appellant by Jeffrey Rock Mr. Rock, good morning. Good morning. May it please the court, my name is Jeffrey Rock. I'm here on behalf of Rich Vanderpool. I'd like to give the court just a couple of minutes of background as to what is not in dispute and why we're here. Almost two years after filing its complaint, Growmark filed a second amended complaint which named Rich Vanderpool as a defendant for the first time. Vanderpool was the general manager of Sunrise Ag, the real defendant in this case. Growmark requested in that second amended complaint that Rich Vanderpool be fired from his position. That there be an injunction entered which required the court to terminate his employment. Within about two weeks after service, I filed on behalf of Mr. Vanderpool a motion for substitution of judge as of right. That was noticed up. The law provides that there really is no discretion to deny a properly filed motion unless it was made to avoid trial or delay trial. And there's no question here, there was no trial set, there was no delay, this was still in the process. As the court saw that lengthy complaint, it was going to be a while before that got to trial. Did you set that motion for hearing? Yes, within just a few weeks of after filing. So probably within a month, I don't remember the exact date of the hearing, but within about a month after Vanderpool was served, we were in court on our motion to substitute the judge. Wasn't it set at the same time as another pending motion for March 11th? I might have my facts mixed up. What happened, Justice Wright, is after I filed the motion for substitution of judge, Growmark came in and said, oh, we'd like to voluntarily dismiss Vanderpool from this case without prejudice. And that is my question. Did you have it set for hearing on your motion to substitute without cause before they filed their motion to dismiss? Voluntarily dismiss? I can't, I think I did. I honestly don't remember exactly. I know I said it almost immediately. Okay, the record will speak for itself. Okay, yes. But the dismissal without prejudice motion was filed. Both of them were set for the same time. At the hearing on the motion, I asked the trial judge to rule on the motion to recuse himself, basically, a motion for substitution. And I said to the court, you know, you really have no discretion to deny this motion, and it must be heard before the motion to dismiss. The court decided to ignore the motion and grant a dismissal without prejudice. And I think the law is clear that any order entered after an improperly denied motion for substitution of judge is void. Had there been proceedings before this? This was the second amended complaint. So this had been going on for, if you look at the date of the filing, almost two years before they brought Vanderpool in. So doesn't a motion for substitution as a right have to be made before there are substantial proceedings in the case? Unless you are brought into the case. See, Vanderpool was never a defendant until this whole second amended complaint was filed and he was made the defendant. So he had no opportunity to ask for his right to a change of judge because he was never in the case until Roemark decided to bring him in two years later. And I think the statute is clear, and the case law is clear, that he has the right to file at that point. How do we have jurisdiction in this case for the appeal? Judge, where you get to this case is the trial court has made rulings which make no sense and have filed this up. If you read the transcript, the judge summarily dismissed, well he didn't dismiss, he refused to hear the motion for substitution. He said I'm going to hear the motion to dismiss instead and dismiss Vanderpool. I understand that, but as the intermediate court, as the appellate court, we have to have jurisdiction to hear appeals. And the Supreme Court has instructed us on that many times. And when you give an example, you have to look at what you're styling as unusual circumstances at the trial level. Perhaps maybe that's a request for a supervisory order or something from the Supreme Court, but we don't do that. And there are limited ways that interlocutory orders are appealable to this court, as you well know. So how does this fit in anything that we have for jurisdiction? Well, Vanderpool could not move for a 304A finding because his counsel, me, was told I was out of court. I was out of order of freedom of speaking with the court, that I was no longer a party to this case. The issue then is if I'm not a party to the case, I can't speak to the court, I can't deal with the court, and I can't file a 304A finding. And I think that leads to an absurd result at that point where you say Vanderpool is subject to staying outside of this case and unable to represent himself when the complaint still says we want an injunction firing Rich Vanderpool. Where's the beef here? The purpose of the motion to substitute judge was to get the judge out of the case to benefit your new client or your client, who had just been added in January, and the motion was heard in March. The end result on March 11th was the judge was in the case, but your client was out. So where's the beef? Well, I don't think my client... You did a pretty good job for him, didn't you? I don't think my client is out of the case because if that motion for the substitution was improperly denied, everything that follows that is void, all the orders. So that's the quandary. So you want your client back in the case? You want us to give you a remedy that sends it back so your client can go back to being a named defendant in the amended complaint? Yes. Really? There is still remedies in the amended complaint asking that he be fired. I would rather participate in that case than sit on the outside and not be able to address the judge and not be able to... Well, it wouldn't have any impact on you if you're not a part of it. And can you impose a voluntary dismissal? Could you successfully defeat a voluntary dismissal? The voluntary dismissal that was made, I think, is void. I don't know what would happen if the court said, look, that was a void order. You've got to go back and hear the substitution, which would result in a new judge. I'm not sure what would happen after that point. Clearly, I think the motion to dismiss Vanderpool was to avoid the change of judge. So you said to me just a moment ago that your client wasn't really out. So was your client really in before that such that Justice McDade's question about the substantive rulings applies to your motion for an automatic substitution? Well, he was in. He was served. We entered an appearance and immediately moved for substitution of judge. So he was in the case. Then, you're claiming that that's when he first got into the case. Right. Right. They named him after about two years in the second amended complaint and asked for all types of relief against Vanderpool. He was served. I entered an appearance on his behalf and then moved for the substitution of judge. I'm sorry. Although he wasn't a named defendant, he was still a healthy element in the case before he was named. Yes, he was discussed. I mean, his actions were discussed, but he was never a defendant until the second amended complaint was filed. And the problem is there's all types of remedies requested with respect to Vanderpool by the plaintiff. Vanderpool cannot speak to the court. He can't deal with the court. But he really still is a defendant because I don't think there's any doubt that the judge had no discretion to deny the motion for substitution of judge. And once he didn't do that, all the subsequent orders are void. So that Vanderpool is really still in the case, even though he's not a defendant and can't participate, because his dismissal was improper. I know this is a tangled procedural matter, but it's tangled because the trial court judge didn't follow the law about what he had to do with substitution of judge. In this tangled proceeding, what Supreme Court rule would you cite to show that in this case we have jurisdiction? Well, I think it has to be, it is not 304A because one was not, but I think it's got to be the only other avenue is 301. It's a final judgment against Vanderpool. And I guess I would look at the Osiecker case. The final judgment against him? Yes. How's that? Well, he cannot participate in the case at this point. He is out as far as the trial court is concerned, even though there's still remedies requested against him. Of course, if the remedies are requested for a non-party, can the court have jurisdiction to enter any order against a non-party? Well, I think it can in this case, because I don't think the trial judge can be the hire and the fire. You know, he can't, it specifically asks that Vanderpool be fired from his position. All of the counts say that. All of the board members are parties to this. I think the court could say to the board members on Bromark's motion, I'm ordering you to fire Rich Vanderpool. So that it can be accomplished in this case fairly easily, because all the plaintiff has to do is go to the court and say, I want you to order the director's mandatory injunction to fire Vanderpool. Has your client ever filed an action as a plaintiff? No, he has not. There are different kinds of pleadings that theoretically could be filed, right? You haven't done that. I have not done that. And the reason is, if you file these additional pleadings, are you going to be deemed to have waived your right to the substitution of judge? I can see the next argument is, well, no, you've now waived your motion for substitution because now you've entered an appearance, now you've done whatever, and even to intervene, that would have to be at the discretion of the court. And the court could say, it's too late. It's too late in the ballgame to get into this as an intervener. Now, the only rule that you've cited is 301, saying this is final and appealable because your client was dismissed out of the case. Yes, but how was your client dismissed out? By a voluntary dismissal of a cause of action, correct? Right. Is that a final order under the law? Well, I think it can be under that Osiecker case because if you look at the case that I cited. But Osiecker is a case where there was another aspect of dismissal for some other reason. It's not like this case. Well, Osiecker was a dismissal and with a right to replead. So the case was not dead at the trial court level. And I think that's the authority that I'm really relying on to say that under these circumstances, the courts have allowed an appeal with respect to the change of judge issue. Because if you read Osiecker really closely, what happened was there was a motion to dismiss, the court dismissed it, but gave 21 days to replead. Now, the plaintiff has accused me of blatantly misrepresenting the holding of Osiecker, saying that, oh, in the appellant's brief in that case, there was a motion to dismiss with prejudice, which was granted. But I think we've got to go with what the appellate court opinion actually says, and it says there was a dismissal, there was 21 days to replead in that case. And then the appeal was taken with respect to the change of judge in Osiecker. So I guess that's what I'm really relying on, Justice Carter, is that the appellate court has heard these complaints, such as ours, without a final order, frankly. See, I mean, but I'll tell you, if you read Osiecker the way you read it, let's say, we've got all kinds of Supreme Court cases that say voluntary dismissals aren't final in appeal. I mean, because you can refile the action and so forth. Well, but I go back to the voluntary dismissal isn't really what's being appealed. It's the denial for the change of judge that's being appealed.  If that's improper, then the motion of dismissal goes away. Let's say you're attempting to appeal the non-action on that. That's not final in appeal either, is it? I mean, that's not an appeal board or a denial of a motion to substitute, is it? I think Osiecker, if you read it, that's clearly what happened in that case, was the appellate court entertained the motion even though the case was not resolved at the trial level. I just have one quick question. Are we back now to just the first, is it a first amended complaint or the original complaint? The second amended complaint is gone, right? No, no. See, that's the problem. The second amended complaint consists of multiple counts. What did they dismiss? What did they voluntarily dismiss? They voluntarily dismissed Vanderpool. They did not dismiss the complaint. They moved to dismiss Vanderpool as party. And if you read that complaint, there's still a request for injunctive relief to terminate Vanderpool. And I would suggest that can be done by all the board of directors are still defendants, and they could go to the judge at the trial level and say, we want an order requiring the board members to fire Vanderpool as their general manager. Because I don't think the trial court can just say, I'm going to hire and fire people. But the way you would do it if you're Gromark is you go back in and say, all right, I've got all the board members served. They're all defendants. I want an order requiring the board members to terminate Vanderpool. So the second amended complaint is still in full force. There's nothing that has been dismissed out of that except theoretically Vanderpool. But, again, if the judge had no discretion not to grant the change,  I know it's a procedural morass, but I guess I come to this court where Vanderpool is still subject to all kinds of sanctions, termination, whatever, without a voice in front of the trial court because of the trial court's error in the failure to grant the motion for change of judge. So Vanderpool can't file a separate action, can't make a motion to intervene, can't do anything? Well, theoretically he could attempt to intervene. The question is, has he waived his right to a motion for change of judge? Secondly, if he intervenes, you know, does – well, I mean, that's the big thing. Does he waive that? Now he's back into the case with a judge that he is trying to remove who has told his counsel, you have no voice in this matter, sit down, you're out of order. So it wouldn't be a very healthy option for Vanderpool, I don't think, to intervene in the case without – with the same judge. And I think there's no guarantee because the judge may say it's too far along. When you look at the intervener statute, it's not a sure thing. The judge could say it's too late at this point. I'm not going to allow him to intervene at this point. I'm still having a hard time trying to figure out what the impact is of dismissing the case against your client. If that doesn't automatically end the portions of the amended, the second amended complaint, that asks for relief against him. Well, again, it asks for an injunction to fire Vanderpool. And again, I think the board, who are all members, or who are all parties to this case, could be ordered to fire Vanderpool. That's not an injunction? Pardon? That's an injunction. Well, that's what the complaint asks for, a mandatory injunction that he be terminated. So it doesn't seem to me that the trial judge has the authority to say, I'm just going to terminate this employee. But upon motion, the judge, we want the board members ordered to fire Vanderpool. He's still at risk. Would he be a necessary party? I don't think he is a necessary party. He wasn't a necessary party for two years. They just named him and then said, we want this guy fired because of his actions, and we want these different sanctions against Vanderpool. Did you request a 304A? I mean, I know you feel it would have been somewhat futile. Did you request? I did not, Justice Wright, because I was told I was out of order for speaking. And I can almost envision. Yeah, the tone doesn't come through in the – I can envision how you felt that day. But absent that request, as unpleasant as it may have been to assert, Justice Carter's got a pretty good point. This is an interlocutory ruling. It is, except I guess, again, I come back to the appellate court has granted relief without a final order in Osseker. I think that that has been done. And that goes back to my point of where's the beef. You know, if I sense a great injustice to your client, I'm going to bend a little bit, maybe. But the great injustice is, okay, let's play the chess game. The judge heard your motion to substitute first rather than the motion to dismiss and denied the motion to substitute, saying, you know, it was too late. You saw the court tip its hand. There were substantive rulings. Then once the court denies that motion to substitute, the 304A finding comes, and we have jurisdiction, right? If he would have denied it, but he didn't hear it. He just says, I'm not even going to consider it. I'm going to consider the subsequently filed motion to dismiss without prejudice, and I guess that's my beef. Your beef is just the timing. He should have done the motion to substitute first, considered the merits of it, and your position is it was automatic, and I'm guessing their position was not so fast. But my beef is Vanderpool is dismissed now without prejudice, so he can be brought back in any time. So, therefore, it's not final and appealable. You're making circular arguments. I think I understand. But, again, I rely on the Aussecker case, which did it without a final. So if he comes back into the case again, can't you file another motion to substitute without cause? I believe I could, yes. I believe I could, since the original was not heard, but no. I guess in this circumstance. At that point you might even be able to argue cause. I understand that you feel the judge didn't do his job well, but as Justice Carter points out, we don't get involved in every case where a judge doesn't do their job well before a final and appealable order. We can't remedy every wrong. And I understand that. Based on our jurisdiction. I understand that. But if you look at this case, there is no, I guess, remedy for Vanderpool at this point. Sit and wait until he gets named again. Or, yes, sit and wait until he gets named again, but the other thing is judicial economy when you think about it. If you looked at that complaint, you can tell that this is a monster case. So if every ruling is… The flip side is that the board of directors probably saw some of the judges' rulings and they were very happy when your client was named as a defendant because all of a sudden they get an opportunity to get that judge out of the case. So there's two sides to all of this about judicial economy because one judge has already been involved in the case for a long period of time. But it was the plaintiffs who chose to bring in Vanderpool. I understand. And ask that he be executed if you read the list of things that they want done to him. Under the rule with regard to substitution and waiving the right to substitute, there's an aspect of the rule that indicates even after the motion has been ruled on and done something, if the party takes some action, not just dealing with the request for a change, that waives that objection. The fact that you appealed… Did I waive the objection to not hearing? I think that you've appealed. In the last… I forget the rule that we're talking about. I don't have the rules in front of me, but there's a section at the end that says even afterwards, if you take some action, you waive that complaint or that objection. And right now you've appealed. Right. You're in front of us. Right, but I think it is on specifically that objection, I guess. I don't know that appealing… There wasn't a ruling on that objection. It's on the voluntary dismissal. Well, yes, the voluntary dismissal was, I think, invalid. I know, and that's your argument, the voluntary dismissal was invalid. Right. And that's arguing something else besides the substitution. And I know the connection. I understand. But just looking at the rule, that is talking about something else. I think my notice of appeal actually talked about denying the motion for substitution and the subsequent ruling, I believe. I think we've gone over our time. I apologize. Thank you. Thank you.  Good morning. Can you help me out with the timing, the procedural timing of motion to substitute filed, but was it set before you filed your motion to voluntarily dismiss?  I believe that it was filed and noticed at the same time. And then you piggybacked onto the March 11th date that Attorney Rock set. That is correct. Thank you. That is correct. And then, obviously, the court chose to evaluate the voluntary dismissal motion before… Thank you. Thank you. May it please the court, Joshua Burns on behalf of Plaintiff Appellee Gromark, Inc. As I think this court has identified, the threshold issue here is one of jurisdiction. Mr. Vanderpool claims jurisdiction under Rule 301. There is no final judgment in this case. And that issue is dispositive of this appeal. However, the trial court's ruling on the substitution motion should be affirmed, even if this court did have jurisdiction. The appeal and the underlying substitution motion represent a blatant attempt at gamesmanship and judge shopping by Mr. Vanderpool. Gromark voluntarily dismissed Mr. Vanderpool before the trial court ruled on his motion to substitute judge, thus mooting the substitution motion. What was the ruling on the substitution of the judge? It was denied as moot, Your Honor. That's what the text of the order here says. Why wasn't that gamesmanship? Well, we are the plaintiff. Why file an amended complaint naming him as a defendant and then six weeks later dismiss him out? Well, because we have the absolute right to dismiss any defendant at any time we choose to. The right to a voluntary dismissal is, as the case law says, virtually unassailable. And as Justice Wright did identify, this is a very unusual procedural circumstance where we essentially have Mr. Vanderpool demanding to be a party to this lawsuit, presumably for the sole purpose of taking the action away from a judge that has been presiding over it for more than three years. This result would be absurd. You heard Mr. Rock talk about issues of absurdity. The truth is, Your Honors, that the absurdity would be taking this matter away from a judge that has been presiding over it for that amount of time. I think the issue of jurisdiction... Isn't his argument... I mean, it can be cast the way he would cast it, as demanding to be a party. But isn't he also just demanding to have a voice? Hey, I filed this motion. I noticed it up. Let me argue. Your Honor, it's actually unclear to me what Mr. Vanderpool is appealing. In his issues presented here, he presents this as a question of, did the court err in denying the motion to substitute judge? That does not implicate questions of whether he's entitled to a voice in this proceeding. It's only if we go to the voluntary dismissal statute, and the voluntary dismissal that you start talking about issues of adequate representation and having a voice. And on that point, Your Honor, I would suggest, first of all, that he doesn't have a continuing interest in this action. If he did, he is more than adequately represented by counsel for Sunrise and the individual directors that are parties to this suit. And finally, as Justice Carter noted, he has a remedy. There is a remedy under the rules of civil procedure that allows him to intervene if he should choose to do so. He is assuming at this point, it almost seems, that that remedy is going to be fruitless, that that is a futile remedy for him. He has not brought that to the attention of this court. If he feels he has some skin in the game, Your Honor, he has the ability to make an intervention motion. He's not arguing prejudice on the part of our current judge. He's not saying the judge is just going to deny. He says, maybe the judge will determine that I'm coming to the action too late. The reality is that the only reason he's not taking that avenue ostensibly is that he wouldn't have the opportunity to substitute the judge. And that's the gamesmanship that's at issue here. And yours in dismissing him was to make sure you got to keep the judge? It was certainly an interest. We had an interest in seeing that judge preside over an action that he'd been presiding over for two years prior to that. We don't want to see our trial date derailed. When Mr. Vanderpool took the option of seeking to substitute the judge, we certainly felt that it was important to stay in front of that judge. I don't know that that was the only consideration, but it was certainly ostensibly one. What's the status of your second amended complaint? Our second amended complaint is still pending against the individual directors on the Sunrise Board of Directors and against Sunrise itself. What's the impact of the dismissal of Mr. Vanderpool? No direct action exists against Mr. Vanderpool in that underlying action. Now, what we are seeking is removal. However, we are doing so through an action by the Board of Directors. The remedy, and to be clear, this falls within Section 12.56, I believe it is, of the Illinois BCA, which talks about fraudulent and oppressive actions by board and management against a shareholder of a corporation. And one of the remedies that it allows is the removal of an officer or director. And we are currently asking the trial court to order the Board of Directors to remove Mr. Vanderpool from his position. He serves at the pleasure of the Board. We're not seeking any direct action against Mr. Vanderpool. We're seeking a determination from the court that the Board has breached Section 12.56 and breached its fiduciary duties, and that Mr. Vanderpool should, therefore, be removed from office. That certainly has an impact on him, doesn't it? It may, Your Honor, and I think if he wants to protect that interest, that he should intervene in the action. He has a remedy available to him to seek. The only reason he is not pursuing that action, or as Your Honor suggested, perhaps filing an action of his own, although I'm not sure it's properly framed as a completely separate action, he doesn't want to do that because it would undermine his right to substitute the judge, which is really the only interest that is at play here. Were there any more questions on that topic? I have a question on Allsiger. Yes. In that case, there was leave granted. The action was dismissed with leave to be filed in 21 days. How did the court in Allsiger have an appeal board? Well, the appellate briefing, Your Honor, makes clear that the plaintiff that was seeking the substitution allowed those 21 days to expire. It allowed the judgment on the motion to dismiss to become final, and therefore the court inherited 301 jurisdiction. It's as simple as that. Mr. Rock and Ms. Kleiner simply misrepresenting the holding in that case. And I'll admit, from the text of the case itself, it is not entirely clear. But if you look at the briefing and the underlying facts on that, and we have attached the appellate briefing as part of our appendix in this case, it's an undisputed fact in that case that a final judgment was entered following the 21 days that were given to replead. To touch a little further on this issue of jurisdiction, there is no final judgment. A motion to substitute judge is not a final order. The denial of that is not a final order. Mr. Vanderpool did not obtain Rule 304A language. In addition, as noted, the voluntary dismissal here, even if it was purported to be the basis for the jurisdiction here, was specifically entered without prejudice. And therefore, as Mr. Vanderpool's own cited authority of J. Van Eck notes, or J. Eckenson's, excuse me, a dismissal without prejudice is not a final judgment. There is no basis in Rule 306 or Rule 307 for interlocutory jurisdiction. As indicated, the Osseker case does not support the proposition that Mr. Vanderpool had asserted in his brief. And the other cases that he cites for the propositions of establishing jurisdiction similarly do not apply. The Gay v. Frey case that he cites actually supports the notion that a final judgment is necessary for an appeal. And the R.W. Cervant and Company case is irrelevant because it only deals with the issue of personal jurisdiction within the trial court and in no way touches on the issue of appellate jurisdiction. So in short, whether by rule, by statute, by case law, there is simply no basis for jurisdiction in this case. And that's dispositive. Turning to the substance of Mr. Vanderpool's appeal, I would first like to touch upon the issue of standing. And the simple reality is that we need to look at this in a vacuum. And that is that at the time that the court considered or decided not to consider his motion for substitution of judge, Mr. Vanderpool was not a party. The substitution statute is very clear in saying that only a party can obtain substitution of the judge. And so in essence, Mr. Vanderpool's appeal devolves into one where he's actually challenging the order in which the court considered the two motions, saying, you should not have decided the voluntary dismissal motion before you decided my motion to substitute judge. The court has the inherent authority to manage its docket as it sees best to promote judicial economy. There's nothing in statute or case law that Mr. Vanderpool has pointed to that would suggest that the court is required to consider the motion to substitute judge before the motion to voluntarily dismiss just because it was filed first. In fact, the authority is uniformly to the contrary. A court can consider motions in whatever order it deems fit unless it is shown to violate the rules in some other way. That showing has not been made. Can you speak to the issue of whether somebody who was dismissed out can file a notice of appeal? The notice of appeal was filed by somebody who's no longer a party in the underlying action. I believe it could not be filed, Your Honor, where you're dealing with a dismissal without prejudice, as in this case. I would think that a dismissed party that had obtained a final judgment on that dismissal, again, it's an interesting procedural posture where you have the actual dismissed party appealing. I can't imagine a circumstance where that would occur. Which goes to my worst, the beef. But this is not appealing a dismissal that was a final order. This is appealing a dismissal that was a non-final order. So therefore, at the time the notice of appeal was signed, was Mr. Rock representing a party? I don't believe so. I don't believe so. And first of all, I don't understand, again, I do not understand his appeal, as presented in the issues presented section, to be an appeal from the voluntary dismissal. It seems to be an appeal from the ruling on the motion to substitute judge, as strictly construed according to the words of that briefing. But I do not think he had standing to file a notice of appeal. Additionally, Mr. Vanderpool's own cited case law recognizes the fact that a motion to substitute judge should be denied if the party has had an opportunity to form an opinion as to the judge's reaction to his claims. That was the case here. Mr. Vanderpool, as Justice McDade, I believe, noted, had been a substantial player in the original and amended complaints that had been filed in this action. There were substantial allegations regarding his personal wrongdoing in connection with the actions that we included in that original and amended complaint. But he wasn't a party. Correct, Your Honor. He was not a party. However, he was aware, certainly, as the general manager of Sunrise, that was, to be clear, that is the equivalent of a CEO position in one of the named defendants. He was aware of the goings-on. He was aware of the partial summary judgment that was entered on behalf of Gromark in that action, declaring the actions of the board of directors and Sunrise to be ultra-virus and void. That being the case, he could not then seek the substitution of a judge on that with that knowledge or that knowledge of the judge's perceived predilections in mind. Finally, and I think we touched on this to some extent, but I'd just like to emphasize that Mr. Vanderpool was bringing up several irrelevant facts about what Gromark is and is not trying to assert against him at this point. Mr. Vanderpool does not have any interest in the underlying action, and that would only be relevant if he was appealing the voluntary dismissal. Again, that is not the case here. He can intervene if he chooses to intervene. Finally, Mr. Vanderpool has also filed a motion to strike Gromark's The motion claims that Gromark did not oppose the substitution motion that he filed, and therefore we lack standing to argue against it. That's simply incorrect. As all of this argument, I hope, reveals, Gromark opposed the motion by filing for the voluntary dismissal. Gromark has standing because it has a real and legally cognizable interest in ensuring that this complicated matter proceeds in front of the same trial judge that has been presiding over it for more than two years, three years at this point. Finally, it would seem that Mr. Vanderpool's motion to strike Gromark's appearance is essentially an attempt to get an unopposed appeal here. It's very unclear from the motion to strike the appearance who he thinks is the proper appellee in this case. It seems that he's saying that there was misconduct on the part of the trial court. He hasn't named the trial court or sued the trial court or brought any sort of mandamus proceeding. And he cites no rule or precedent to support his position. He even named Gromark as the plaintiff appellee in his initial and reply briefs in this action. Therefore, your honors, we would ask that the motion to strike be denied. In addition, we would ask that Mr. Vanderpool's appeal be denied or dismissed for a lack of jurisdiction or, in the alternative, denied for substantive reasons. I would take certainly any other questions that the panel might have. Thank you, Mr. Briggs. Thank you. Mr. Rock, any rebuttal? Just briefly, your honor. I just want to clarify a couple of things. Mr. Burns talked about Mr. Vanderpool's opportunity to look at the prior rulings and decide that he wanted to change the judge. I think if you look at the statute, the last paragraph of the statute says it's not a reason to deny a motion for substitution of judge based upon the prior rulings. That basically you have that right once you're brought in, no matter what the rulings are prior to your entry into the case. That if you get a peek at what the judge wants to do or how the judge is leaning, that doesn't matter. I think if you look at the last paragraph of the substitution statute, because it just says the fact that you understand the prior rulings doesn't make any difference. I think that's really all I have. I think we've covered everything else. Are there any other questions? Okay, thank you. We thank both of you for your arguments this morning. We'll take the matter under advisement and we'll issue a written decision as quickly as possible. The court will now stand in brief recess for a panel change.